IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 11, 2007

## PAUL HAYES v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-27839     Paula Skahan, Judge**

---

**No. W2006-02344-CCA-R3-PC  - Filed January 23, 2008**

---

The petitioner, Paul Hayes, appeals the denial of his petition for post-conviction relief.  On appeal, he contends that the trial court erred in denying his petition for relief but provides no proof of ineffective assistance of counsel.  Therefore, the judgment from the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID H. WELLES and ALAN E. GLENN, JJ., joined.

William Anderson, Jr., Memphis, Tennessee, for the appellant, Paul Hayes.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; William L. Gibbons, District Attorney General; and Anita Spinetta, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The petitioner, Paul Hayes, was convicted of aggravated burglary and two counts of aggravated robbery and received an effective seventy-five-year sentence. He appealed his convictions, and they were affirmed by this court. State v. Paul Hayes, No. W2001-02637-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 1043, at *2 (Tenn. Crim. App. Dec. 6, 2002).  He filed a petition for post-conviction relief, alleging that he received ineffective assistance of counsel in nine areas. Following a hearing, the post-conviction court found that counsel provided effective assistance and that no relief was warranted.

On appeal, the petitioner argues that the post-conviction court erred in concluding he did not receive ineffective assistance of counsel.  However, in his brief, he does not provide any citations to the record nor does he provide any authority to bolster his conclusion.  Our review of the petitioner's brief reflects that he has failed to adequately brief the issues.  A petitioner waives an

issue when he fails to adequately brief the issue. <u>State v. Schaller</u>, 975 S.W.2d 313, 318 (Tenn. Crim. App. 1997).

Here, the petitioner has outlined case law that demonstrates how to show ineffective assistance of counsel and then states his position that the totality of circumstances in this case reflects that the level of representation he received was not sufficient. He does not cite to the record or the post-conviction proceeding to give any example or argument as to how his counsel was ineffective. Quite simply, the petitioner has not shown how the post-conviction court erred in denying his petition for post conviction relief. Therefore, the petitioner is not entitled to any relief.

<u>Conclusion</u>

Based on the foregoing and the record as a whole, we affirm the judgment from the post-conviction court.


_____
JOHN EVERETT WILLIAMS, JUDGE